Filed 9/22/25  P. v. Hailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102162 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE000183) |
| v. | |
| DONALD HAILEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Donald Hailey filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

1

## FACTS AND PROCEEDINGS

In 2021, a jury found defendant guilty of arson of an inhabited structure (Pen. Code, § 451, subd. (b))[1] and arson causing great bodily injury (§ 451, subd. (a)). The trial court found true that defendant had suffered a prior strike conviction. The court sentenced defendant to 18 years in prison (the upper term of nine years, doubled due to the prior strike) for arson causing great bodily injury and five years for his prior serious felony conviction. (§ 667, subd. (a).) The court stayed the sentence for arson of an inhabited structure pursuant to section 654.

In his prior appeal, defendant raised numerous claims of trial error, which we rejected in an unpublished opinion. (See *People v. Hailey* (Oct. 24, 2023, C094948) [nonpub. opn.].) But we concluded defendant was entitled to resentencing based on changes to the law that went into effect after his sentence was imposed. (*Ibid.*)

On remand, defendant argued the trial court should: (1) impose the lower term under section 1170, subdivision (b)(6) because he experienced childhood trauma that was a contributing factor in the commission of the offense; and (2) strike the five-year enhancement under section 1385, subdivision (c). Defendant further argued that, in the event the court did not impose the lower term, the court should impose the middle term because no aggravating circumstances had been proven in accordance with section 1170, subdivision (b).

At sentencing, the trial court heard testimony relating to defendant's childhood trauma. At the same hearing, defense counsel said the court could simultaneously hold a bench trial on certain aggravating circumstances. The court did so, and the People submitted evidence that defendant had suffered 14 prior convictions as an adult and indicated defendant had also suffered several juvenile adjudications. The court found

---

[1] Undesignated statutory references are to the Penal Code.

that defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings were numerous and of increasing seriousness.

The trial court declined to dismiss the prior serious felony enhancement because doing so "would result in physical injury or serious danger to others."  The court recognized defendant had suffered "some childhood trauma" and gave "great weight" to the testimony regarding that.  But the court found it "hard . . . to link the childhood trauma or the mental health issues . . . to an act that [defendant] denie[d] doing."  Ultimately, the court declined to impose the lower term and reimposed the upper term for arson causing great bodily injury.  The court explained it imposed the upper term based "only" on the aggravating circumstance that "defendant's prior convictions as an adult and sustained convictions in juvenile delinquency proceedings are numerous."  The court thus resentenced defendant to the same 23-year aggregate sentence previously imposed.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Earl, P. J.

/s/
Mauro, J.